Thomas Lamont DYNO,
Plaintiff–Appellant,

v.

VILLAGE OF JOHNSON CITY, Harry
G. Lewis, Mayor of the Village of
Johnson City, Defendants–Appellees,

Daniel W. Green, adjacent property
owner, Mary Lou Green, adjacent
property owner, Defendants.

No. 04–5747–cv.

United States Court of Appeals,
Second Circuit.

May 24, 2007.

Thomas Lamont Dyno, pro se, for Appellant.

Oliver N. Blaise, III, Binghamton, New York, for Appellee.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.*

### SUMMARY ORDER

Plaintiff-appellant Thomas Lamont Dyno appeals from the September 27, 2004 judgment and October 13, 2006 order denying a motion to set aside the judgment, of the United States District Court of the Northern District of New York (Mordue, C.J.). We assume the parties' familiarity with the underlying facts of the case, its procedural history, and the arguments on appeal.

■ Because Dyno filed a timely notice of appeal from the district court's September 27, 2004, final judgment, that judgment, and all prior interlocutory orders, are reviewable in this Court. *See* Fed. R.App. P. 4(a)(1). The appeal from the district court's October 13, 2006, order denying Dyno's motion to set aside the judgment, however, is not reviewable in this Court because the November 20, 2006 notice of appeal is untimely, as it was filed more than 30 days after the entry of the order. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

■ As an initial matter, by failing to raise any challenge to the district court's dismissal of the complaint against the Greens or to include any argument regarding the Greens' status as state actors, Dyno has abandoned his claims against the Greens by failing to raise them on appeal. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995). With respect to the Village of Johnson City and Mayor

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

Lewis, we review a district court's dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6) *de novo*. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998). "[I]n ruling on a Rule 12(b)(6) motion, the district court is required to accept the material facts alleged in the complaint as true, and not to dismiss 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citation omitted)). To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must show that a defendant, acting under the color of state law, deprived the plaintiff of a constitutional right. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Rodriguez v. Phillips*, 66 F.3d 470, 481 (2d Cir.1995). " '[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983,' " and can occur by direct participation in the alleged violation, a supervisory official's failure to remedy a wrong, a supervisory official's creation of a policy or custom under which unconstitutional acts occurred, or through a supervisory official's gross negligence in managing his subordinates. *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986) (quoting *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977)). In order to impose liability under § 1983 on a municipality or municipal agency, a plaintiff must prove that a "municipal custom or policy" caused the violation of his constitutional rights. *See Dwares v. New York*, 985 F.2d 94, 100 (2d Cir.1993). "A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." *Id.*

■ Because Dyno does not distinguish between the actions of Defendant Lewis and the Village and, with respect to Lewis, argues only that Lewis, as mayor, was responsible for imposing the municipal custom or policy, the claim turned on Dyno's ability to show a municipal custom or policy. The district court properly found that Dyno had failed to allege an officially adopted custom or policy because Dyno did not make any allegation that it was the official policy of the Village to refuse to enforce zoning regulations or to rely on allegedly improperly obtained state court judgments. Dyno argued only that the Village misinterpreted the relevant zoning provisions and subsequently relied on a state court judgment to affirm those misinterpretations and deny his complaints about the Greens' actions. To the extent that Dyno contends that he should be allowed to amend his complaint, he has failed to demonstrate that he would be able to amend the complaint to state a claim that would survive dismissal. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir.1998).

■ Moreover, the district court could have denied the claims on *res judicata* grounds because a state court judgment will have a preclusive effect on a subsequently filed § 1983 action where the § 1983 claims could have been raised in the state court action. *See Collard v. The Inc. Vill. of Flower*, 759 F.2d 205, 207 (2d Cir.1985). In *Collard*, we held that a § 1983 suit alleging constitutional violations based on a municipality's rulings on zoning issues was barred where the municipality's decisions had previously been challenged in Article 78 proceedings in state court because the constitutional claims could have been brought in state court. *Id.* at 206–07. *Collard* is indistinguishable from the instant case, as Dyno clearly could have raised his claims re-

garding the Village's alleged municipal policy in his Article 78 proceedings.

For the foregoing reasons, we AFFIRM the district court's September 27, 2004 judgment and DISMISS the appeal as to the October 13, 2006 order.